UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JACOB LIEDER,

                Plaintiff,

  - against -

LEWIS KAMMAN; BARBARA CENNAMO; THE CITY
OF NEW YORK; THE NEW YORK CITY
DEPARTMENT OF TRANSPORTATION; and THE
NEW YORK CITY DEPARTMENT OF PARKS AND
RECREATION,

                Defendants.
------------------------------------------------------------------------X

Case No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Jacob Lieder, by his attorneys, for his complaint against Defendants Lewis Kamman ("Kamman"); Barbara Cennamo ("Cennamo"); the City of New York ("City"), the New York City Department of Transportation ("DOT"), and the New York City Department of Parks and Recreation ("DPR") alleges as follows:

## PRELIMINARY STATEMENT

1. This action seeks damages for severe personal injuries and economic loss sustained by Plaintiff when he was caused to trip and fall on a dangerous, defective, raised, uneven, cracked, and/or broken sidewalk flag on the sidewalk in front of 672 Eastern Parkway, Brooklyn, NY, as a direct and proximate result of Defendants' negligence.

## JURISDICTION AND VENUE

2. This Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a citizen of Australia, a foreign state; Defendants are citizens of New York State; and the amount in controversy exceeds $75,000.

3. Venue is proper pursuant to 28 U.S.C. § 1391 as the events giving rise to the claims alleged herein occurred within the Eastern District of New York, as more specifically described below.

**JURY TRIAL DEMANDED**

4. Plaintiff demands a jury trial on each claim pleaded herein.

**PARTIES**

5. At all relevant times, including at the time of the incident and currently, Plaintiff Jacob Lieder has been a citizen of Australia, residing and domiciled in Australia.

6. Upon information and belief, Defendant Kamman is a citizen of New York State and resides at 672 Eastern Parkway, Brooklyn, New York.

7. Upon information and belief, Defendant Cennamo is a citizen of New York State and resides at 672 Eastern Parkway, Brooklyn, New York.

8. Defendant City is a municipal corporation duly authorized and incorporated under the laws of the State of New York. The City is authorized to maintain agencies for transportation, Defendant DOT, and parks and recreation, Defendant DPR.

9. This action has been commenced within one (1) year and ninety (90) days after the happening of the events upon which these claims are based.

10. Prior to the commencement of this action, on March 15, 2022, Plaintiffs duly filed a written verified Notice of Claim with the New York City Comptroller's Office, setting forth the time, location and facts alleged herein upon which the instant action is based.

11. At the request of Defendant City, Plaintiff is schedule to testify at a hearing pursuant to the General Municipal Law §50-H on August 1, 2022.

12. At this time, more than thirty (30) days have elapsed since Plaintiff's Notice of Claim was filed and the City has not adjusted the same, and has failed and neglected to make any payment of such claims and causes of action.

**FACTS**

13. On February 18, 2022 at approximately 7:00 PM, Plaintiff was a lawful pedestrian walking on the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York, County of New Kings.

14. Upon information and belief, at all times relevant herein, the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York was and still is a public thoroughfare.

15. Upon information and belief, at all times relevant herein, Defendant City owned the public streets and sidewalks in the State of New York, County of Kings, including the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

16. Upon information and belief, at all times relevant herein, Defendant DOT owned the public streets and sidewalks in the State of New York, County of Kings, including the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

17. Upon information and belief, at all times relevant herein, Defendant DPR owned the public streets and sidewalks in the State of New York, County of Kings, including the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

18. Upon information and belief, at all times relevant herein, Defendant City controlled the public streets and sidewalks in the State of New York, County of Kings, including the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

19. Upon information and belief, at all times relevant herein, Defendant DOT controlled the public streets and sidewalks in the State of New York, County of Kings, including the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

20. Upon information and belief, at all times relevant herein, Defendant DPR controlled the public streets and sidewalks in the State of New York, County of Kings, including the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

21. Upon information and belief, at all times relevant herein, Defendant City maintained the public streets and sidewalks in the State of New York, County of Kings, including the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

22. Upon information and belief, at all times relevant herein, Defendant DOT maintained the public streets and sidewalks in the State of New York, County of Kings, including the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

23. Upon information and belief, at all times relevant herein, Defendant DPR maintained the public streets and sidewalks in the State of New York, County of Kings, including the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

24. Upon information and belief, at all times relevant herein, Defendant City managed the public streets and sidewalks in the State of New York, County of Kings, including the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

25. Upon information and belief, at all times relevant herein, Defendant DOT managed the public streets and sidewalks in the State of New York, County of Kings, including the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

26. Upon information and belief, at all times relevant herein, Defendant DPR managed the public streets and sidewalks in the State of New York, County of Kings, including the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

27. Upon information and belief, at all times relevant herein, Defendant Kamman owned the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

28. Upon information and belief, at all times relevant herein, Defendant Cennamo owned the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

29. Upon information and belief, at all times relevant herein, Defendant Kamman controlled the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

30. Upon information and belief, at all times relevant herein, Defendant Cennamo controlled the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

31. Upon information and belief, at all times relevant herein, Defendant Kamman maintained the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

32. Upon information and belief, at all times relevant herein, Defendant Cennamo maintained the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

33. Upon information and belief, at all times relevant herein, Defendant Kamman managed the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

34. Upon information and belief, at all times relevant herein, Defendant Cennamo managed the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

35. Upon information and belief, at all times relevant herein, the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York contained a dangerous, defective, raised, uneven, cracked, and/or broken sidewalk flag.

36. Upon information and belief, at all times relevant herein, Defendant City possessed prior written notice of the dangerous, defective, raised, uneven, cracked, and/or broken sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

37. Upon information and belief, at all times relevant herein, Defendant DOT possessed prior written notice of the dangerous, defective, raised, uneven, cracked, and/or broken sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

38. Upon information and belief, at all times relevant herein, Defendant DPR possessed prior written notice of the dangerous, defective, raised, uneven, cracked, and/or broken sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

39. Upon information and belief, at all times relevant herein, Defendant Kamman possessed prior written notice of the dangerous, defective, raised, uneven, cracked, and/or broken sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

40. Upon information and belief, at all times relevant herein, Defendant Cennamo possessed prior written notice of the dangerous, defective, raised, uneven, cracked, and/or broken sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

41. Upon information and belief, at all times relevant herein, Defendant City possessed actual and/or constructive notice of the dangerous, defective, raised, uneven, cracked, and/or broken sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

42. Upon information and belief, at all times relevant herein, Defendant DOT possessed actual and/or constructive notice of the dangerous, defective, raised, uneven, cracked, and/or broken sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

43. Upon information and belief, at all times relevant herein, Defendant DPR possessed actual and/or constructive notice of the dangerous, defective, raised, uneven, cracked, and/or broken sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

44. Upon information and belief, at all times relevant herein, Defendant Kamman possessed actual and/or constructive notice of the dangerous, defective, raised, uneven, cracked, and/or broken sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

45. Upon information and belief, at all times relevant herein, Defendant Cennamo possessed actual and/or constructive notice of the dangerous, defective, raised, uneven, cracked, and/or broken sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

46. Upon information and belief, at all times relevant herein, Defendant City caused and/or created the dangerous, defective, raised, uneven, cracked, and/or broken sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

47. Upon information and belief, at all times relevant herein, Defendant DOT caused and/or created the dangerous, defective, raised, uneven, cracked, and/or broken sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

48. Upon information and belief, at all times relevant herein, Defendant DPR caused and/or created the dangerous, defective, raised, uneven, cracked, and/or broken sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

49. Upon information and belief, at all times relevant herein, Defendant Kamman caused and/or created the dangerous, defective, raised, uneven, cracked, and/or broken sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

50. Upon information and belief, at all times relevant herein, Defendant Cennamo caused and/or created the dangerous, defective, raised, uneven, cracked, and/or broken sidewalk in front of 672 Eastern Parkway, Brooklyn, New York.

51. While Plaintiff was a lawful pedestrian walking on the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York, the dangerous, defective, raised, uneven, cracked, and/or broken sidewalk caused Plaintiff to trip and fall to the ground, striking his shoulder, hands and body forcefully against the pavement.

52. As a direct and proximate result of the dangerous, defective, raised, uneven, cracked, and/or broken sidewalk in front of 672 Eastern Parkway, Brooklyn, New York, Plaintiff sustained severe and permanent personal injuries, including, but not limited to, a dislocated shoulder, bruised ribcage and hand, lacerations and contusions, pain, suffering, mental anguish, and other injuries which continue to date.

53. Plaintiff's foregoing injuries occurred as the result of the negligence, carelessness, and recklessness of the Defendants, their agents, servants, lessees, contractors, and/or employees in the ownership, operation, maintenance, repair, management, control, installation, construction

and use of the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York where the complained of occurrence took place.

54. As a result of the aforementioned occurrence, Plaintiff sustained severe personal injuries of a permanent and lasting nature, conscious pain and suffering, and was rendered sick, sore lame and disabled.

55. By reason of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A FIRST CAUSE OF ACTION

56. Plaintiff repeats and realleges each prior paragraph as if set forth more fully herein.

57. At all times relevant herein, Defendants owned, operated, maintained and controlled the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York, as well as any and all construction and/or repair work performed thereon.

58. Due to Defendants' ownership, operation, maintenance and control, Defendants are responsible for monitoring the condition of the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York, including keeping the sidewalk in a reasonably safe condition, free of hazards, defects, and traps of any kind, for the protection of Plaintiff and all others lawfully traversing the sidewalk.

59. In addition to having a duty to maintain the sidewalk in a reasonably safe condition, Defendants also possess a duty to warn Plaintiff and other lawful pedestrians of any dangerous conditions that exist thereon.

60. At all times relevant herein, the dangerous, defective, raised, uneven, cracked, and/or broken sidewalk in front of 672 Eastern Parkway, Brooklyn, New York constituted an

unlawful obstruction and created a dangerous condition, hazardous to Plaintiff and other lawful pedestrians.

61. At all times relevant herein, the dangerous condition resulted from negligence, including the abrupt change in elevation of the sidewalk, Defendants' failure to make the sidewalk flush with the surrounding area, failure to maintain nearby trees, tree roots and/or tree wells, failure to maintain any other appurtenances, improperly and negligently hiring, retaining and supervising others to repair the sidewalk and surrounding areas, and the absence of any signs, fixtures, devices, barricades, or fencing warning Plaintiff and the public of the dangerous condition, thereby rendering it a trap.

62. The dangerous condition on the sidewalk was created and permitted to exist through the negligence, carelessness, and recklessness of Defendants, their agents, lessees, contractors, servants and/or employees, without any negligence on the part of Plaintiff.

63. Defendants' negligence was a proximate cause of Plaintiff's injuries.

64. The injuries and damages to Plaintiff were caused solely by the negligence of the Defendants and without any negligence on the part of Plaintiff.

65. The amount of damages sought exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands relief jointly and severally against all Defendants for damages in an amount to be determined upon a jury trial of this action, together with interest, costs, attorneys fees, and disbursements, and such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
       June 21, 2022

                                                    THE STEINER LAW FIRM, PLLC

By:    /s/ Norman M. Steiner
        Norman M. Steiner
        130 Water Street
        Brooklyn, New York 11201
        (646) 600-6676
        norm@thesteinerlawfirm.com

        *Attorneys for Plaintiff*

## ATTORNEY'S VERIFICATION

**NORMAN M. STEINER**, an attorney duly admitted to practice law before the courts of the State of New York, affirms the following under the penalty of perjury:

I am a member of The Steiner Law Firm, PLLC, attorneys for Plaintiffs herein.  I have reviewed the foregoing complaint and aver that the same is true, except for those matters alleged upon information and belief, and to those matters, I believe them to be true.  My basis of my knowledge is a review of the file in this matter.  I make this verification because my client is not found in Kings County where I maintain my office.

Dated:  Brooklyn, New York
           June 21, 2022

                                                          /s/ Norman M. Steiner                
                                                          Norman M. Steiner