UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

JACOB LIEDER,                                 :
                                              :
                        Plaintiff,            :
                                              :      **MEMORANDUM DECISION AND**
            -against-                         :      **ORDER**
                                              :
LEWIS KAMMAN, BARBARA                         :      22-cv-3674 (BMC)
CENNAMO, THE NEW YORK CITY                    :
DEPARTMENT OF TRANSPORTATION,                 :
and THE NEW YORK CITY DEPARTMENT              :
OF PARKS AND RECREATION,                      :
                                              :
                        Defendants.           :

---------------------------------------------------------- X

**COGAN**, District Judge.

This is a diversity case against the City of New York in which plaintiff's complaint alleges that he slipped and fell, sustaining injuries, in front of 672 Eastern Parkway, Brooklyn, New York. That was consistent with his Notice of Claim (see N.Y. Gen. Mun. Law § 50-e(2)): plaintiff's photographs and testimony (see id. § 50-h) on that claim indicated that the defect existed between 670 and 672 Eastern Parkway and the defect ran perpendicular to the adjacent buildings. The City has moved for summary judgment, demonstrating conclusively that it neither caused nor had notice of any sidewalk defect at the location where plaintiff allegedly slipped and fell.

In opposition, plaintiff has submitted evidence arguably showing that on the "Big Apple Map," see D'Onofrio v. City of New York, 11 N.Y.3d 581, 584, 873 N.Y.S.3d 251 (2008), a defect is reflected at the above-referenced location, and that the Big Apple Map gave the City constructive notice of that defect. However, as the City points out in reply, a close review of the

evidence that plaintiff has submitted shows the potential defect not at or between 670-672 Eastern Parkway, but at or between 672-674 Eastern Parkway, thus contradicting both plaintiff's complaint in this action and his Notice of Claim and supporting testimony and photographs at his Gen. Mun. Law § 50-h hearing.

New York law is clear that a plaintiff cannot change the location of the accident set forth in his Notice of Claim, even by a little bit, and that specificity is required to avoid summary judgment.  See, e.g., Leary v. City of Rochester, 67 N.Y.2d 866, 867, 501 N.Y.S.2d 663 (1986); Canelos v. City of New York, 37 A.D.3d 637, 638, 830 N.Y.S.2d 334 (2nd Dep't 2007).

Accordingly, defendant's motion for summary judgment is granted.


**SO ORDERED.**

_Brian M. Cogan_
_____
U.S.D.J.


Dated:  Brooklyn, New York
        October 4, 2024